## W. T. RAWLEIGH CO. v. BLACKWELL et al.
### No. 3772.

Court of Civil Appeals of Texas. Amarillo.
March 23, 1932.

Rehearing Denied April 27, 1932.

Harry R. Bondies, of Sweetwater, for plaintiff in error.

Williams & Bell, of Childress, for defendants in error.

HALL, C. J.

The plaintiff in error recovered judgment in Hale county in January, 1925, against J. H. Stradley and J. A. Franklin upon a promissory note in the sum of $1,488.38, with costs of suit. In April following execution was issued to Hale county and returned nulla bona. An abstract of the judgment was recorded in King county, April 9th, and at that time block 4 in the town of Guthrie, in said county, belonged to the community estate of ·Franklin and his deceased wife, Laura Franklin. July 29, 1925, Franklin conveyed the property to his daughter, Pauline Blackwell, the defendant in this suit. All of the other children of J. A. Franklin including Ola Lee Stradley, the wife of Sam Stradley, joined in the conveyance to the defendant Mrs. Pauline Blackwell.

This suit was instituted to subject the undivided one-half interest of J. A. Franklin as community survivor in block 4 to the judgment lien. Mrs. Pauline Blackwell, joined by her husband, resisted enforcement of the lien upon the theory that at the time of the conveyance to her block 4 was the homestead of her father, J. A. Franklin, and was for that reason exempt from execution.

Upon a trial to the court, judgment was rendered in her favor.

The material contentions urged upon this appeal arise upon the facts; it being insisted that the court's findings of fact are contrary to the overwhelming weight of· the evidence.

The court found the following material facts: That the defendant, Mrs. Pauline Blackwell, is the daughter of J. A. Franklin and his wife, Laura P. Franklin. That the latter died in the year 1920, and that J. A. Franklin died in 1926. That Franklin and wife acquired the property involved in this suit during their married life, and resided upon said block 4 in Guthrie, Tex., and, while occupying said premises for about twenty-five years, reared a family of seven or eight children. That during that time they used and enjoyed block 4 as their community homestead and the homestead of the family. That after the judgment lien was recorded in King county, the brothers and sisters of Pauline Blackwell conveyed to her by general warranty deed all of their interest in and to the property. That during the year 1919 Mrs. Laura P. Franklin, being in bad health, went to the state of Colorado, accompanied by her husband, and died there within three or four months. At that time Pauline Blackwell was unmarried and a constituent member of the family of J. A. Franklin. That the said J. A. Franklin was not able to work, and the defendant Pauline Blackwell, being unable to secure employment in Guthrie, went to Spur, Tex., where she obtained employment during the latter part of the year 1919. That her father accompanied her, and they resided at Spur a considerable part of the time during the next four or five years, and until his death, but that he lived a part of the time with her brothers and sisters. That he at no time acquired any other homestead or any other property and owned no other real estate than that involved in this suit. That from 1919 until his death, being a man past seventy years of age, he was in feeble health, and not capable of earning a livelihood, and lived with the defendant and his other children temporarily, but frequently at intervals he would return to his homestead in Guthrie and remain there for several days at a time. That at no time did he abandon his homestead on block 4, but at all times occupied, used, and enjoyed the same as his homestead as the surviving constituent of his family. That the defendant Pauline Blackwell at all times and until the property was conveyed to her in July, 1925, was a constituent of said family, claiming block 4 as her homestead. That, when J. A. Franklin went to Spur, in 1919, it was with no intention of abandoning the property as his homestead, and that until the time of his death he continued to claim the same as his homestead and left a part of his beds, bedding, and household furniture in the house on said block, which remained there until the time of his death. That he returned every month or two to his homestead, and remained there for several days.

Without setting out the testimony in detail, suffice it to say that, notwithstanding some conflicts, it is amply sufficient to sustain the findings and judgment.

██ It is sufficient to establish that block 4 was the homestead of J. A. Franklin at the time it was conveyed to the defendant in error. The death of the defendant's mother did not end the existence of the family, nor destroy the homestead exemption. Defendant's temporary removal to Spur in order to seek employment by which the testimony shows she supported her father, who, because of his physical infirmities, was unable to work, does not constitute an abandonment of the homestead by either.

██ As said by Judge Cureton in Woods et al. v. Alvarado State Bank, 118 Tex. 586, 19 S.W.(2d) 35, 36: "In view of our constitutional and statutory provisions concerning homestead rights, we have concluded that in this state the homestead is to be regarded as an estate created not only for the protection of the family as a whole, but for the units of the family, including those who survive, and embracing the head of the family at the time of its dissolution, whether the dissolution has been brought about by death or by dispersal, as distinguished from a mere privilege accorded the head of the family for the benefit of the family as a whole." See, also, L. E. Witham & Co. v. Briggs (Tex. Civ. App.) 41 S.W.(2d) 150.

The judgment is affirmed.